UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JOHN DAVIS<br>    LA. DOC #477564 | CIVIL ACTION NO. 5:14-cv-2360 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| WARDEN TIM KEITH | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner John Davis, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on July 22, 2014. Petitioner attacks his 2004 guilty plea and the 15 year sentence imposed thereon by the Forty-Second Judicial District Court, DeSoto Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d), or, in the alternative, for failing to state a claim for which relief may be granted.

*Statement of the Case*

On January 5, 2004, petitioner pled guilty to armed robbery in the Forty-Second Judicial District Court, DeSoto Parish. Among other things, the plea agreement called for a pre-sentence investigation report and provided a sentencing cap of 25 years. [Doc. 1, ¶ 1-3; p. 8; Doc. 7-1, Exhibit A, pp. 1-7] On March 17, 2004, petitioner was sentenced to serve 15 years without benefit of probation, parole, or suspension of sentence. According to petitioner, the sentence "...

did not prohibit good time eligibility per La. C.Cr.P. art. 890.1."[1] [see also Doc. 7-1, Exhibit A, pp. 8-11; p. 14]

Petitioner appealed to the Second Circuit Court of Appeal arguing excessiveness of sentence. On August 17, 2005 his conviction and sentence were affirmed. *State of Louisiana v. John A. Davis*, 39,978 (La. App. 2 Cir. 8/17/2005), 908 So.2d 1259.[2] Petitioner did not seek further direct review in the Louisiana Supreme Court.

On some unspecified date, petitioner apparently sought collateral review of his plea and/or sentence. Petitioner's first collateral attack was terminated on February 5, 2010, when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. John A. Davis v. State of Louisiana*, 2009-0921 (La. 2/5/2010), 27 So.3d 295.[3]

On some as yet unspecified date petitioner discovered that he was not earning good time

---

[1] Art. 890.1 was added by Acts of the Louisiana Legislature 2012, No. 160, §1, effective May 17, 2012, more than 8 years after petitioner was sentenced.

[2] The Court of Appeal noted, "The matter of excessive sentence raised on appeal is not properly before this court. Where a specific sentence or a sentence cap has been agreed to as a consequence of a plea bargain, a sentence imposed within the agreed range cannot be appealed as excessive and there is no need for the trial judge to give reasons for the sentence as normally required by La. C.Cr.P. art. 894.1. [citations omitted] The defendant urges this court to allow review in cases where a defendant can make a reasonable argument that the facts mitigate for a lower penalty [than] imposed by the trial court. Here, the sentence imposed by the trial court was only five years above the minimum, and ten years below the cap agreed upon in the plea bargain agreement. The trial judge discussed his reasoning, and stated that defendant seemed to be a minor player in the crime. Thus, we reject defendant's claim of excessive sentence." *State of Louisiana v. John A. Davis*, 39,978 at **1-2; 908 So.2d at 1260-1261.

[3] Petitioner did not advise the Court of the fact or nature of this apparent collateral attack. However, it is clear that petitioner sought post-conviction review in the District Court under Docket No. 03-CR-9263, and thereafter in the Second Circuit in a matter assigned Docket No. 44,533-KH and finally, in the Louisiana Supreme Court under Docket No. 2009-KH-0921.

credits.[4] On or about June 14, 2012, he submitted a first step grievance to prison authorities complaining of the denial of good time credits; the grievance was assigned Case Number WNC-2012-629. On September 26, 2012, the grievance was denied and he was again informed of his ineligibility to receive good time because a 2001 misdemeanor conviction for aggravated assault was being used as a first crime of violence to deny him eligibility pursuant to LSA R.S.15:571.3(B)(1)(a).[5] [Doc. 7-1, Exhibit C, p. 19]

On March 29, 2013, he filed a *pro se* "Motion to Enforce Sentencing Agreement" in the Forty-Second Judicial District Court. Therein he alleged, "Counsel Steven R. Thomas informed me I would receive a sentencing cap of 25 years with the expressed understanding I would be eligible to earn good time at the rate of 85% as a first felony offender." [Doc. 7-1, pp. 21-27] On April 9, 2013, the district court summarily denied relief. [Doc. 1, p. 8; Doc. 1-1, p. 1; Doc. 7-1, p. 28]

Petitioner sought writs in the Second Circuit Court of Appeal arguing, "On January 5, 2004, I plead guilty to one count of armed robbery with the expressed understanding of no more than 25 years with good time." [Doc. 7-1, pp. 30-33] On August 22, 2013 the Court of Appeal, having construed his motion as an application for post-conviction relief, denied writs on the

---

[4] Petitioner claims that he discovered that he was not eligible for good time credits on September 26, 2012. However, he was clearly aware of the fact that he was being denied good time credits prior to the date he submitted his grievance.

[5] The statute provides, "Unless otherwise prohibited, every inmate in the custody of the department who has been convicted of a felony, except an inmate convicted a second time of a crime of violence as defined by R.S.14:2(B) ... may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time.'" Aggravated assault is defined as a crime of violence in R.S.14(2)(B)(7).

3

grounds that the application was untimely pursuant to La. C.Cr.P. art. 930.8. *State of Louisiana v. John Davis*, 48,695-KH. [Doc. 1-1, p. 2; Doc. 7-1, p. 29][6]

On August 28, 2013, petitioner filed a writ application in the Louisiana Supreme Court. [Doc. 7-1, pp. 36-39] His writ application was denied by the Louisiana Supreme Court on April 17, 2014, as an untimely application for post-conviction relief and petitioner's application for reconsideration was thereafter denied on June 20, 2014. *State of Louisiana ex rel. John Davis v. State of Louisiana*, 2013-2146 (La. 4/17/2014), 138 So.3d 619, *reconsideration denied*, 141 So.3d 283 (La. 6/20/2014). [See also Doc. 1-2, pp. 3-4][7]

Petitioner filed the instant petition on July 22, 2014. He raises a single claim for relief, namely – the Louisiana courts erroneously applied C.Cr.P. art. 930.8(A) to deny petitioner his constitutional right to seek enforcement of his sentencing agreement (which according to his attorney provided that petitioner would be eligible to receive good time credits) under La. C.C. art. 1986.[8]

---

[6] Apropos to petitioner's case, La. C.Cr.P. art. 930.8 provides, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article ... 922, unless any of the following apply: (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney..." Petitioner's judgment of conviction/sentence became final under Art. 922 on or about August 31, 2005 when the 14 day period for applying for a rehearing following the Second Circuit's judgment affirming his sentence on August 17, 2005 expired and petitioner sought neither rehearing nor *certiorari* in the Supreme Court. The Court of Appeals correctly determined that the application was untimely and that the exception did not apply.

[7] In denying relief, the Supreme Court also cited La. C.Cr.P. art. 930.8.

[8] Louisiana Civil Code art. 1986 provides, "Upon an obligor's failure to perform an obligation to deliver a thing, or not to do an act, or to execute an instrument, the court shall grant specific performance plus damages for delay if the obligee so demands. If specific performance is impracticable, the court may allow damages to the obligee. Upon a failure to perform an

*Law and Analysis*

*1. Timeliness – § 2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the AEDPA) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his sentence to the Second Circuit Court of Appeals and that Court affirmed his sentence on August 17, 2005. [*State of Louisiana v. John A. Davis*, 39,978 (La. App. 2 Cir. 8/17/2005), 908 So.2d 1259] Petitioner did not thereafter seek further direct review in the Louisiana Supreme Court, and therefore petitioner's judgment of conviction and sentence

---

obligation that has another object, such as an obligation to do, the granting of specific performance is at the discretion of the court."

became final on or about September 17, 2005, when the 30 day period for seeking *certiorari* pursuant to Louisiana Supreme Court Rule X, §5(a) expired. Petitioner had one year from that date, or until September 17, 2006, to file a timely petition for *habeas corpus*.

On some unspecified date, petitioner apparently filed his first collateral attack on his conviction/sentence in the Louisiana courts. That suit was terminated when the Louisiana Supreme Court denied writs on February 5, 2010. *State of Louisiana v. John A. Davis,* 2009-0921 (La. 2/5/2010), 27 So.3d 295. It is unclear whether this round of post-conviction litigation tolled the AEDPA's limitation period; indeed, it is highly unlikely that it did. Nevertheless, for the purposes of this Report, and in the absence of evidence to the contrary, it will be assumed that the AEDPA limitations period were tolled until February 5, 2010.[9]

On March 29, 2013, petitioner filed his *pro se* "Motion to Enforce Sentencing Agreement" in the Forty-Second Judicial District Court. [Doc. 7-1, pp. 21-27] However, by the time he filed this pleading, which was ultimately construed as an untimely application for post-conviction relief, a period in excess of 3 years had elapsed between the date his first collateral attack ceased to be pending and the date he filed this second collateral attack. Thus even giving petitioner the benefit of every doubt, it is clear that his petition for *habeas corpus* is time-barred if limitations is determined pursuant to Section 2244(d)(1)(A).

---

[9] In order to toll limitations pursuant to Section 2244(d)(2), the post-conviction application would have to have been filed prior to the expiration of the AEDPA's limitation period, or sometime before September 17, 2006. It is highly unlikely that a pleading filed in 2006 would remain pending until early 2010. Nevertheless, as previously noted, in the absence of evidence to the contrary it will be assumed that petitioner's first collateral attack served to toll limitations until February 5, 2010. In the event that petitioner objects to this Report and Recommendation, he should provide the dates that this first application for post-conviction relief was properly filed and pending in the Louisiana Courts.

### 2. Timeliness – § 2244(d)(1)(B)

Section 2244(d)(1)(B) reckons the one-year limitations period for filing writs of *habeas corpus* from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action ..." In essence, petitioner maintains that Louisiana's failure to provide competent inmate-counsel amounted to State action which prevented him from timely filing his State post-conviction application as well as his federal *habeas* petition. Petitioner's argument is foreclosed by the Supreme Court's decision in *Lawrence v. Florida*, 549 U.S. 327 at 337, 127 S.Ct. 1079 at 1085 ("a state's effort to assist prisoners in post-conviction proceedings does not make the State accountable for a prisoner's delay.") Petitioner has failed to demonstrate that the State of Louisiana created impediments which prevented him from either hiring his own post-conviction counsel or from representing himself. *Id.* In short, accepting as true all of petitioner's allegations concerning the inadequacies of inmate-counsel, the State of Louisiana did not prevent him from filing his petition for post-conviction relief before AEDPA's one-year statute of limitations ran. Compare *Manning v. Epps*, 688 F.3d 177, 189 (5th Cir.2012). Thus, based upon the claims asserted, petitioner is not entitled to have limitations calculated as provided by Section 2244(d)(1)(B).

### 3. Timeliness – § 2244(d)(1)(D)

Petitioner also implies that he is entitled to have limitations reckoned in accordance with Section 2244(d)(1)(D), from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." In support of this theory he implies that he discovered that he would be ineligible for good time on September 26,

2012.  As noted above, however, petitioner was certainly aware that he was ineligible for good time prior to June 14, 2012 because immediately prior to that date he submitted a grievance to prison authorities raising the issue of good time eligibility.

However, limitations is not reckoned from the date petitioner discovered the factual predicate of his claim, but rather from the date it "could have been discovered through the exercise of due diligence..." [Section 2244(d)(1)(D)] and petitioner bears the burden of establishing that date. *See  Mead v. Cain*, Civil Action No. 08-3173 (E.D.La. 2010), citing *Redmond v. Jackson*, 295 F.Supp.2d 767, 772 (E.D. Mich. 2003) ("However, the time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner.  Also, under § 2244(d)(1)(D), the time under the limitations period begins to run is when a petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the legal significance of the facts. In other words, § 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim. Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits. Furthermore, a *habeas* petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the *habeas* claims. [Citations omitted].")

Under current Louisiana regulations, petitioner had "... access to his master prison record

[and] a sentence computation worksheet..." See 22 LA Admin Code (LA ADC) Pt I, §101(J)(1)(a). Clearly, the fact that he was being denied good time eligibility was available for him to discover from the date he entered into the custody of the Department of Corrections. Thus, even if limitations is calculated in accordance with Section 2244(d)(1)(D), the petition is still subject to dismissal as time-barred.

Of course, even if petitioner could reckon limitations from some date in 2012, his petition would still be time-barred inasmuch as his second round of post-conviction litigation was ultimately dismissed as time-barred by the Louisiana Courts. As such, those post-conviction proceedings could not serve to toll limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (A petitioner's state post-conviction petition, which was rejected by the state court as untimely under state statute of limitations, was not "properly filed," within the meaning of the statutory tolling provision of the AEDPA and thus could not toll the limitations period.)

*4. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "... a 'petitioner' is

'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Of course, as instructed below, petitioner may object to this Report and Recommendation, and, if he does so, he should provide evidence and argument to establish that he is entitled to either equitable or statutory tolling of the limitations period.

### 5. *Merits of the Claim*

Finally, even if petitioner is afforded the benefits of statutory or equitable tolling, his claims are manifestly without merit. In his memorandum petitioner contends, "On January 5, 2004, I plead guilty to one count of armed robbery with the expressed understanding of <u>no more than 25 years with good time</u>." [Doc. 1] Petitioner made this exact same claim in his writ applications to the Second Circuit Court of Appeal and the Louisiana Supreme Court. [Doc. 7-1, pp. 30-33; 36-39] In his motion filed in the District Court he alleged as follows – "Counsel Steven R. Thomas informed me I would receive <u>a sentencing cap of 25 years with the expressed understanding I would be eligible to earn good time at the rate of 85% as a first felony offender</u>." [Doc. 7-1, pp. 21-27] Thus, by his own admission, petitioner entered into a plea agreement knowing full well that his sentencing exposure would be no more than 25 years; further, he was of the opinion that he would have to serve only 85% of that sentence or no more than 21.25

10

years. The complained of 15 year sentence, even though imposed without the benefit of good time credits, is 6.25 years LESS than the maximum sentence he agreed to. In short, he cannot show that he is in custody in violation of the Constitution and thus fails to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d); or, in the alternative, because he fails to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, October 23, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**